IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )
                             )
v.                           )
                             )
QUINTIN L. LEWIS, ET AL.,    )          No. 3:22-CR-18-KAC-DCP
                             )
            Defendants.      )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case came before the undersigned for a telephonic motion hearing on Defendant Allonte Walker's Motion to Continue Trial Date and Related Deadlines [Doc. 73] and Defendant Quintin Lewis's Motion for Additional Time to File Pretrial Motions [Doc. 74], filed on August 1 and 30, 2022 respectively. Assistant United States Attorney Alan Scott Kirk appeared by telephone on behalf of the Government. The following defense counsel also appeared by telephone: Attorneys Drew Findling and Zachary J. Kelehear for Defendant Lewis; Attorney Wesley D. Stone for Defendant Walker; and Attorney Michael B. Menefee for Defendant Octavus Crockett. All Defendants were excused from this hearing.

In his motion [Doc. 73], Defendant Walker asks the Court to continue the December 6, 2022 trial date and all pretrial deadlines to give counsel time to prepare for trial. Counsel relates that he needs additional time to complete review of discovery with Defendant Walker, who is detained in London, Kentucky. Counsel anticipates additional discovery will be provided and must be reviewed before determining the necessity of pretrial motions or preparing for trial. The motion relates that the Government does not oppose this request.

Defendant Lewis asks [Doc. 74] the Court to extend the August 31 motion deadline at least forty-five days to give counsel time to receive and review additional discovery. Defendant Lewis states that the Government also does not oppose this request.

At the motion hearing, Mr. Stone reiterated his need for more time to review discovery. He stated that he had discussed the motion to continue with Defendant Walker, who understood that all time until a new trial date is excludable. Mr. Kelehear relied on the bases in his motion. He said Defendant Lewis was also aware of need for additional time to prepare any pretrial motions. Mr. Menefee stated that Defendant Crocket did not object to a continuance and understood the time until the new trial date is excludable under the Speedy Trial Act.

AUSA Kirk confirmed that the Government does not oppose a continuance. He informed the Court that the Government intended to seek a superseding indictment adding a new defendant in this case. He said he would be providing additional discovery, related to the superseding indictment, at that time. The parties agreed on a new trial date of April 4, 2023.

The Court finds Defendant Walker's motion to continue the trial and schedule is not opposed by the Government or the other Defendants and is well taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds a trial continuance is necessary to allow defense counsel for Defendants Walker and Lewis time to review the discovery, including any new discovery, and to prepare and file pretrial motions. Counsel also need time to investigate the case and to prepare for trial. The Court finds that pretrial preparations cannot be concluded by the December 6 trial date or in less than six and one-half months. Thus, a continuance is warranted to give counsel the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Walker's motion to continue the trial and pretrial deadlines [**Doc. 73**] is **GRANTED**, and the trial is reset to **April 4, 2023**. The Court finds that all the time between the filing of Defendant Walker's motion on **August 1, 2022**, and the new trial date of **April 4, 2023**, is fully excludable under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court **ORDERS** as follows:

(1) Defendant Walker's Motion to Continue Trial Date and Related Deadlines [**Doc. 73**] is **GRANTED**;

(2) The trial of this case is reset to commence on **April 4, 2023**, at **9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of Defendant Walker's motion on, **August 1, 2022,** and the new trial date of **April 4, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defendant Lewis's Motion for Additional Time to File Pretrial Motions [**Doc. 74**] is also **GRANTED**. The deadline for filing pretrial motions is extended to **November 4, 2022**. Responses to motions are due on or before **November 18, 2022**;

(5) The new deadline to file a plea agreement in the record and to provide reciprocal discovery is **March 6, 2023**;

(6) The deadline for motions *in limine* is extended to **March 20, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **March 28, 2023, at 2:00 p.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **March 24, 2023.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3