IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | No. 3:22-CR-18-TAV-DCP |
| QUINTIN L. LEWIS, ) | |
| ALLONTE WALKER, and ) | |
| OCTAVUS CROCKETT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case came before the undersigned for a scheduled pretrial conference and motion hearing on Defendant Quintin Lewis's Motion to Continue Trial Date and All Pretrial Deadlines [Doc. 131], filed on March 16, 2023. Assistant United States Attorneys Alan Scott Kirk and Anne-Marie Svolto appeared on behalf of the Government. The following defense counsel appeared: Attorneys Drew Findling and Zachary Kelehear representing Defendant Lewis; Attorney Wesley D. Stone representing Defendant Allonte Walker; and Attorney Michael B. Menefee representing Defendant Crockett. Defendants Lewis and Crockett were excused from the hearing, and Defendant Walker was present for a motion hearing on this and his other pending motions.

Defendant Lewis moves the Court to continue the April 4, 2023 trial date and all pretrial deadlines to give defense counsel time to complete review of discovery and to prepare the case for trial or a negotiated agreement [Doc. 131]. At the motion hearing, Mr. Findling stated that defense counsel and the Government are nearing a negotiated resolution, but the Government wants all defendants to enter the case before any such resolution occurs. He stated that Defendant Quintin Lewis waives any speedy trial issues. Mr. Findling also asked the Court to set a new deadline for

pretrial motions. Counsel for Defendants Walker and Crockett had no objection to the motion to continue and requested a new pretrial motion deadline as well. Mr. Stone stated he had discussed the motion to continue with Defendant Walker. AUSA Kirk confirmed that the Government does not object to a trial continuance and stated it has no objection to an extension of the motion deadline. AUSA Kirk stated that all discovery has now been disclosed. The parties agreed on a new trial date of August 29, 2023.

The Court finds Defendant Lewis's motion to continue the trial is unopposed by the Government or the codefendants and is well taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Counsel for Defendant Lewis need more time to review discovery and to determine the need for pretrial motions. Counsel for Defendants Walker and Crockett also seek additional time to evaluate whether additional pretrial motions are necessary. The parties are engaged in plea negotiations. If these negotiations are not fruitful, the parties will need time to litigate pretrial motions and prepare for trial. In this regard, the Court observes that Defendant Walker has eight pending pretrial motions.[1] Finally, the Court observes that a fourth Defendant has yet to enter the case. For these reasons, the Court finds a trial continuance is necessary to permit defense counsel time to complete review of discovery; confer with their respective clients regarding pretrial motions, defense strategy, and the possibility of entering a plea agreement; and to otherwise prepare the case for trial. Accordingly, a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

---

[1] Mr. Stone agreed that Defendant Walker's pending motion to file additional motions [Doc. 99] is moot because the Court set a new motion deadline in response to defense counsel's joint, oral request at the March 28 hearing. Accordingly, Defendant Walker's Motion for Leave to File Additional Motions [**Doc. 99**] is **DENIED as moot**.

The motion to continue the trial and schedule [Doc. 131] is **GRANTED**, and the trial of this case is reset to **August 29, 2023**. The Court finds that all the time between the filing of Defendant Walker's pretrial motions on January 3, 2023, and the new trial date of August 29, 2023, is fully excludable under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §§ 3161(h)(1)(D) & -(7)(A)–(B). Accordingly, the Court **ORDERS** as follows:

(1) Defendant Lewis's Motion to Continue Trial Date and All Pretrial Deadlines [**Doc. 131**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **August 29, 2023, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of Defendant Walker's pretrial motions on **January 3, 2023**, and the new trial date of **August 29, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **April 18, 2023**. Responses to motions are due on or before **May 2, 2023**. A motion hearing will be scheduled, if needed;

(5) Defendant Walker's Motion for Leave to File Additional Motions [**Doc. 99**] is **DENIED as moot**;

(6) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 28, 2023**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **August 18, 2023, at 2:00 p.m.**;

(8) The deadline for filing motions *in limine* is **August 14, 2023**; and

(9) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **August 18, 2023**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C, Poplin
United States Magistrate Judge